Suzanne Skolnick (California Bar No.: 211076)
**SKOLNICK LAW GROUP**
2888 Loker Avenue East
Suite 110-F
Carlsbad, CA 92010
Telephone: (760) 405-4397
Fax: (760) 585-4676
E-mail: suzanne@skolnicklawgroup.com

Attorney for Plaintiff Christine Ghezzi

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTINE GHEZZI,<br><br>Plaintiff,<br><br>vs.<br><br>ZIMMER HOLDINGS, INC.; ZIMMER, INC.; ZIMMER U.S., INC., d/b/a ZIMMER PACIFIC; JOE BISANT; AND DOES 1-100,<br><br>Defendants. | Case No.: 3:15-CV-00106 JAH (RBB)<br><br>San Diego Superior Court Case No.: 37-2014-00030611-CU-PL-NC<br><br>**DECLARATION OF SUZANNE SKOLNICK IN SUPPORT OF REQUEST FOR RULING ON MOTION TO REMAND ACTION TO STATE COURT**<br><br>**JUDGE: Hon. John A. Houston** |

I declare:

1. I am the attorney of record for Plaintiff Christine Ghezzi in this action. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently and adequately thereto.

2. This declaration is made in support of a Request for Ruling on Plaintiff's Motion to Remand Action to State Court.

3. This lawsuit was originally filed in the San Diego County Superior Court, North County Division on September 11, 2014.

4. On January 16, 2015, Defendants filed a Notice of Removal (Docket Entry No. 1) to remove the action from California state court to the United States District Court for the Southern District of California based on a claim of diversity jurisdiction.

5. On January 20, 2015 Defendants filed a Notice of Related Case (Docket Entry No. 4) indicating that this action is a tag-along action to the multi-district litigation before Judge Rebecca Pallmeyer in the United States District Court, Northern District of Illinois, involving the NexGen knee implant.

6. On February 6, 2015, Plaintiff filed a Motion to Remand and Request for Fees and Costs (Docket Entry No. 7), requesting that this court remand the action back to California state court based on a lack of subject matter jurisdiction, namely, that there was no diversity jurisdiction because a California defendant was named in the action. The hearing on the motion was set for April 6, 2015.

7. On March 23, 2015, Defendants filed their Response in Opposition to Motion to Remand (Docket Entry No. 10).

8. On March 30, 2015, Plaintiff filed a Reply to Defendants' Response in Opposition to Motion to Remand (Docket Entry No. 15).

9. On April 1, 2015, the Honorable Judge John A. Houston issued an Order vacating the hearing on the Motion to Remand as the court deemed the motion suitable for disposition without oral argument (Docket Entry No. 16).

10. No ruling was ever made on Plaintiff's Motion to Remand and instead, prior to Judge John Houston's ruling on the motion, the instant lawsuit was transferred on May 13, 2015 to the United States District Court for the Northern District of Illinois, into the Zimmer NexGen multi-district litigation (Docket Entry No. 20).

11. Plaintiff opposed transfer of the action into the multi-district litigation and following a hearing on July 1, 2015, before the Honorable Rebecca Pallmeyer of the United States District Court for the Northern District of Illinois, this action was remanded by Judge Pallmeyer back to the United States District Court for the Southern District of California pursuant to an order entered on July 15, 2015 (Docket Entry No. 23).

12. At no time while the action was briefly pending before Judge Pallmeyer in the Northern District of Illinois did Plaintiff receive a ruling on the Motion to Remand to state court.

13. On September 21, 2015, I contacted the court to obtain information as to when Plaintiff's Motion for Remand would be ruled upon. I was informed via an email I

received from the clerk for Judge Houston on September 22, 2015 that the motion was fully briefed and the court would issue a ruling in due course.

14. As of the date that this Request for Ruling is filed, no ruling on Plaintiff's Motion to Remand to state court has been made.

15. A request for ruling is respectfully made so that Plaintiff can move forward with discovery in the action with certainty as to which court will hear anticipated discovery motions; and so that the parties can obtain a trial date for this action before a court possessing subject matter jurisdiction to hear the case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: November 10, 2015

s/ Suzanne Skolnick________________
Declarant, Suzanne Skolnick