UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE GHEZZI,<br><br>        Plaintiff,<br>v.<br>ZIMMER HOLDINGS, INC., et al.,<br><br>        Defendants. | Civil No. 15cv106 JAH(RBB)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR FEES AND COSTS [Doc. No. 25] AND FINDING PLAINTIFF'S MOTION FOR RULING MOOT [Doc. No. 24] |

      This matter comes before the Court on Plaintiff's Motion to Remand. Doc. No. 25. Also, Plaintiff filed a Motion for Ruling on a previously briefed motion to remand before this case was transferred to the Northern District of Illinois pursuant to a transfer order from the MDL panel on May 13, 2015. Doc. Nos. 7, 15, 24. Having read and considered the papers by the parties, the Court hereby GRANTS Plaintiff's Motion to Remand and finds MOOT Plaintiff's Motion for Ruling.

## BACKGROUND

      Plaintiff Christine Ghezzi filed a complaint in San Diego County Superior Court on September 11, 2014, against Defendants Zimmer Holdings, Inc., Zimmer, Inc., Zimmer U.S., Inc., Zimmer Pacific, and Does 1-100 (collectively "Defendants"), and Defendant Joe Bisant. Doc. No. 1-2. Plaintiff alleged the following causes of action: general negligence, products liability (strict liability, negligence, and breach of warranty), and fraud (intentional and negligent misrepresentations, and fraudulent concealment).

Doc. No. 1-2 ¶ 10.  Plaintiff seeks compensatory and punitive damages for injuries she suffered after she underwent a total knee replacement surgery with Zimmer NextGen knee components that were manufactured, marketed, distributed and sold by Defendants.  Doc. No. 1-2 ¶¶ 11, 14, 25 at 2.

On January 16, 2015, the Defendants removed the case to this Court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446.  Doc. No. 1.  In their removal pleading, Defendants explain that Joe Bisant is an improper defendant whose citizenship should be disregarded for purposes of removal.  Doc. No. 1 ¶ 11.  Specifically, Defendants allege that Defendant Bisant is fraudulently joined in this action, so this Court should disregard his citizenship in determining whether jurisdiction exists.  Doc. No. 1 ¶ 25.  Also, Defendants argue that Defendant Bisant is outside the scope of individuals who can be held liable on a products liability claim under California law.  Doc. No. 1 ¶ 28. Defendants contend Plaintiff cannot recover damages from Defendant Bisant for the following reasons: (1) Bisant was not present at the surgery and did not delivery the surgical products; (2) Bisant never spoke to or met Plaintiff prior to her surgery; (3) Bisant never was involved in the design, manufacturing, or labeling of Zimmer's medical device products; (4) Bisant did not participate in creating marketing or advertising materials disseminated by Zimmer for Next Gen products; (5) Bisant did not create the warnings Zimmer prepared for its NextGen products; and (6) Bisant did not participate in Zimmer or the U.S. Food & Drug Administration's compatibility determinations for NextGen products.  Doc. No. 1 ¶ 29.  As such, Defendants argue Defendant Bisant is fraudulently joined and his presence does not preclude removal because there is no reasonable basis for imposing liability against him.  Doc. No. 1 ¶ 31.

Plaintiff filed a motion to remand and request for fees and costs on February 6, 2015. Doc. No. 7.  On March 23, 2015, Defendants filed their response in opposition to Plaintiff's motion.  Doc. No. 10.  Plaintiff filed her reply to Defendants' response on March 30, 2015. Doc. No. 15.  On May 13, 2015, after the Court took the matter under submission, this case was transferred to the Northern District of Illinois by a transfer order

from the MDL Panel, which extinguished the pending status of Plaintiff's initial remand motion. Doc. No. 20. After the case was conditionally remanded to this Court on July 15, 2015, Plaintiff filed a motion to rule on her previously filed motion to remand. Doc. No. 24. On March 9, 2016, Plaintiff renewed its Motion to Remand Action to State Court and Request for Fees and Costs. Doc. No. 25. On April 11, 2016, Plaintiff filed a reply to Defendants' response to the renewed motion. Doc. No. 29.[1] The Court then took the matter under submission without oral argument pursuant to the local rules. Doc. No. 31.

## DISCUSSION

Diversity of citizenship is a basis for a federal court's original jurisdiction. 28 U.S.C. § 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). As a general rule, an action is removable to a federal court only if it might have been brought there. 28 U.S.C. § 1441(a). If at the time a defendant seeks to remove an action to federal court, there is complete diversity among the parties and the matter of controversy is in excess $75,000, the requirements for removal have been met. See 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a). If at any time, before final judgment, the district court determines it lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c). However, "fraudulently joined defendants will not defeat removal on diversity grounds." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1988).

The Ninth Circuit recognizes the "fraudulent joinder" exception to the complete diversity. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). The Morris Court explains that "fraudulent joinder...is a 'term of art.' Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity '[i]f the plaintiff fails to state a cause of action against

---

[1] The arguments raised in Plaintiff's renewed motion to remand are identical to her initial motion, which she submitted before the case was transferred by the MDL Panel. Although Defendants did not oppose the renewed motion, Plaintiff filed a motion for a ruling on the previously filed motion to remand. Thus, the Court adopts the Defendants' opposition pleading to the initial pleading as opposition to the renewed motion.

a resident defendant, and the failure is obvious according to the settled rules of the state." Id. at 1067 (citing McCabe v. General Foods Corp., 811 F.2d 1335, 1339 (9th Cir. 1987)). In other words, the test is whether on the face of the complaint there is any possibility that the plaintiff could prevail. Morris, 236 F.3d at 1068. If so, courts deny a claim of fraudulent joinder and remand is appropriate. Good v. Prudential Ins. Co. Of America, 5 F.Supp.2d 804, 807 (N.D. Cal. 1998).

## ANALYSIS

I.  Motion to Remand

In her renewed motion, Plaintiff argues that she has alleged valid state claims against Defendant Joe Bisant, a California resident, and Defendants have not shown that her causes of action lack viability. Doc. No. 25 at 3. Specifically, Plaintiff contends Defendants cannot meet their burden of proof to demonstrate there is no possibility that she can recover against Defendant Bisant for negligence. Id. at 7-10. Plaintiff also contends the Court should award "just costs" pursuant to 28 U.S.C. § 1447(c) and any actual expenses incurred as a result of the removal if remand is granted. Id. at 10-11.

Defendants argue there is no reasonable basis for imposing liability on Defendant Bisant. Doc. No. 10 at 5. Specifically, Defendants contend the surgical femoral, tibial, and tibial articular surface components used in Plaintiff's total knee replacement were compatible which undercuts Plaintiff's claims. Id. at 5-12. Defendants claim that Defendant Bisant's limited role surrounding Plaintiff's surgery cannot subject him to liability under California law. Id. at 12-14. In addition, Defendants argue the Court should deny Plaintiff's request for fees and costs because removal is objectively reasonable. Id. at 14-15.

In her reply, Plaintiff contends Defendants failed to meet its clear and convincing evidence burden as the evidence supports Plaintiff's claims and Defendants' heavily rely on authority ruling recovery impossible under products liability when Plaintiff also alleges negligence and fraud. See Doc. No. 29. The Court agrees.

Under the Ninth Circuit test, removal is improper here because Plaintiff states at

least one valid state law claim, negligence, against non-resident Defendant Bisant on which she could possibly prevail. California Civil Jury Instructions suggest it is helpful to ask and answer the question whether or not, if a person of ordinary prudence had been in the same situation and possessed of the same knowledge, he would have foreseen or anticipated that someone might have been injured as a result of his action or inaction.[2]

In her complaint, Plaintiff alleges that Defendants had a duty to ensure that the implant did not pose a significant increased risk of bodily injury to users like Plaintiff. Doc. No. 1-2 at 28 ¶ GN-3. Plaintiff also alleges that Defendants had a duty to warn Plaintiff and other consumers of the dangers associated with the knee implant or the compatibility of the implant components when used in certain combinations that were or should have been known by Defendants at the time the implants were sold to Plaintiff. Id. at ¶ GN-4. Plaintiff further alleges that Defendants breached their duty in the design of the NexGen knee implant as Defendants knew or should have known that the implant had a propensity to cause serious injury, pain, and/or revision surgery. Id. at ¶ GN-5. Plaintiff alleges Defendants breached their duty to warn by failing to warn Plaintiff and the public about the incompatibility issues associated with the implants and the risk of the injury to Plaintiff. Id. at GN-7. In addition, Plaintiff alleges Defendants' breach caused Plaintiff's injuries, including, the need for a revision surgery. Id.

Plaintiff also asserts Defendant Bisant's design, communication, and logistic roles are significant such that there is a possibility that he could be held liable for Plaintiff's injuries. Although Defendants attempt to minimize Defendant Bisant's role in the surgical preparation, Defendants concede that Defendant Bisant, along with Plaintiff's surgeon, templated Plaintiff's x-rays to determine the necessary sizes of her replacement knee components. Doc. No. 10 at 10. Templating involves estimating the sizes of two of the four components that were used in Plaintiff's surgery. The templating process set the parameters of permissible materials, in the surgeon's estimation, to be used during

---

[2] California Civil Jury Instructions (BAJI) 3.11, A Test for Determining the Question of Negligence (March 2016).

Plaintiff's surgery. Accordingly, the Court finds that Plaintiff's complaint sets forth the elements of negligence under California law.

Defendants contend, however, that no liability can be found as to Defendant Bisant for templating because the four components actually used are picked during surgery, where Bisant was not present, and the other two components, the articular surface and the patellar component, were not selected as a result of templating. Doc. No. 10 at 11-12. This Court disagrees. An ordinary person in the position of Defendant Bisant possibly has a duty to inform the performing surgeon of any incompatibility between the components identified as permissible for use in Plaintiff's surgery. As acknowledged by Defendants, both components templated by Defendant Bisant and Plaintiff's surgeon required replacement during her revision surgery, which further lends support to Plaintiff's possibility to prevail on her negligence claim against Defendant Bisant. Accordingly, the Court finds removal was improper here as Plaintiff alleges a viable claim against a non-diverse defendant.

Therefore, the Court REMANDS this case to state court as the complete diversity requirement is not satisfied.

## II. Request for Just Costs and Attorneys' Fees

Plaintiff requests this Court award her costs and fees in the amount of $2,775 under 28 U.S.C. § 1447(c). Doc. No. 7-1 at 10. Defendants contend the Court should deny Plaintiff's request for fees and costs because Defendant Bisant played a limited role in Plaintiff's surgery. Doc. No. 10 at 14-15.

28 U.S.C. § 1447(c) provides that "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision to award such fees is within the district court's discretion and does not require a finding of bad faith removal because the purpose of such an award is not punitive, but rather to reimburse a plaintiff for wholly unnecessary litigation costs caused by defendant. Moore, 981 F.2d at 446-447.

Complete diversity does not exist here and remand is required, so an award of costs

and fees is appropriate. Plaintiff's counsel declares she spent 9.25 hours working on Plaintiff's motion to remand at $300 per hour. Plaintiff simply requests the amount actually incurred in her assertion of an improper removal. As such, the Court GRANTS Plaintiff's request for costs and fees under 28 U.S.C. § 1447(c) and awards $2,775 be reimbursed to Plaintiff.

## CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Remand and Request for Fees and Costs (doc. no. 25) is GRANTED in its entirety; and
2. Defendant shall pay Plaintiff's costs and fees in the amount of $2,775; and
3. Plaintiff's Motion for Ruling on Previously Briefed Motion to Remand (doc. no. 24) is MOOT;

Dated:      May 31, 2016

JOHN A. HOUSTON
United States District Judge